By the Court.
 

 It is true, the debts of the testator (unless otherwise ordered by the will) are to be charged, in the first place, upon the residuum of the estate, and that must be exhausted before the legacies can be taken to pay debts. It is also true, that the recovery in this case will go to increase the residuum, and pro
 
 tanto
 
 diminish the risk of the specific legatees. But the case does not set forth that it is even probable that the residuum without this recovery, would be insufficient to pay
 
 *407
 
 the debts. A remote interest goes to the credit, and not to the competency of the witness, and under the cirumstan-ces as stated in this case, -the interest of the witness must be considered as very remote if barely possible. It may be difficult, perhaps impossible, to fix the precise degree of risk which shall exclude a specific legatee having no interest in the residuum, nor pecuniary legacies, nor is it necessary to attempt it in this case. It is sufficient here to say, no such interest appears in the witness offered as ought to exclude him.
 

 The following rules are laid down on this subject, and generally acquiesced in. The application of them to particular cases, is sometimes attended with difficulty. The interest which disqualifies a witness is, when there is a certain benefit or disadvantage to him attending the decision of the suit one way.
 
 *
 
 Where, a question arises on which a doubt may be raised, it ought to be restrained to the credit rather than to the competency of the witness.
 
 †
 
 The possibility that a witness may be liable to ail action in a certain event, does not destroy his competency.
 
 ‡
 
 The interest which excludes, must be certain, not contingent.
 
 §
 
 In a recent case,
 
 ǁ
 
 it was decided that an occupier, whose name was purposely omitted in the rate, was a competent witness, although it was contended that he was actually interested, for that he might be put on the next rate, while the same burthen subsisted. The Court said, it was perfectly contingent w hether the witness would be interested or not; he might die or part with his property before the making of the next rate, and ho could not be rejected on. the mere ground of an expectant interest. So in the principal case, there may be ample funds, without the aid of this recovery, to discharge all the debts '5 in which event, the witness does not testify to advance bis own interest, but that of the residuary legatee. He is also liable to the common risk of a specific legatee, arising from the destruction of the
 
 *408
 
 property. Without presuming that the estate is solvent or otherwise, as interest is set up against the competency of the witness, that interest ought to be made out, and the condition of the fund ought so to be exhibited to the Court, that it may be perceived that a verdict for the Plaintiff would produce a positive benefit to the witness. His interest can only arise upon some future event, which may or may not happen, and cannot therefore destroy his competency. Rule discharged.
 

 *
 

 Gilb. 225.
 

 †
 

 Hard. 360.
 

 ‡
 

 11 Rep. 163.
 

 §
 

 Salk. 283.
 

 ǁ
 

 2 Bast. 559.